

CT Corporation
Service of Process Notification
09/25/2025
CT Log Number 550205044

## Service of Process Transmittal Summary

**TO:** Rene Dansby
Chick-fil-A, Inc.
5200 Buffington Rd
Atlanta, GA 30349-2998

**RE:** Process Served in South Carolina

**FOR:** Chick-fil-A, Inc.  (Domestic State: GA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: DEBBIE COMBER // To: Chick-fil-A, Inc. |
| **CASE #:** | 2025CP2102435 |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition |
| **PROCESS SERVED ON:** | CT Corporation System, Columbia, SC |
| **DATE/METHOD OF SERVICE:** | By Process Server on 09/25/2025 at 12:26 |
| **JURISDICTION SERVED:** | South Carolina |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Nicole Marchman  nicole.marchman@cfacorp.com |
| | Email Notification,  Rene Dansby  Rene.dansby@cfacorp.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System
2 Office Park Court
Suite 103
Columbia, SC 29223
866-401-8252
LargeCorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, Sep 25, 2025
**Server Name:** Drop Service

| Entity Served | CHICK-FIL-A, INC. |
|---|---|
| Case Number | 2025CP2102435 |
| Jurisdiction | SC |

| Inserts |
|---|
|  |



| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF FLORENCE ) | |
| DEBBIE COMBER, ) | Case No.: |
| Plaintiff, ) | |
| vs. ) | **SUMMONS** |
| CHICK-FIL-A, INC., ) | Jury Trial Demanded |
| Defendant(s). ) | |

**TO: THE DEFENDANT ABOVE NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your Answer to said Complaint upon the subscriber at his office, 821 West Evans Street, Florence, South Carolina 29501, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the relief demanded in said Complaint.

<u>s/ Linward C. Edwards II</u>
Linward C. Edwards II, Esq.
SC Bar No.: 100303
821 West Evans Street
Florence, SC 29501
Office phone (843) 410-9605
Facsimile (843) 536-0715

**ATTORNEY FOR PLAINTIFF**

August 26, 2025
Florence, South Carolina

ELECTRONICALLY FILED - 2025 Sep 11 9:35 AM - FLORENCE - COMMON PLEAS - CASE#2025CP2102435

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| COUNTY OF FLORENCE ) | |
| DEBBIE COMBER, ) | Case No.: |
| Plaintiff, ) | |
| vs. ) | **COMPLAINT** |
| ) | Jury Trial Demanded |
| CHICK-FILA-A, INC., ) | |
| Defendant(s). ) | |

The Plaintiff(s), complaining of the Defendant(s) above-named, hereby alleges and pleads as follows:

## PARTIES

1. Plaintiff, Debbie Comber ("herein Comber"), is citizen and resident of the County of Florence, State of South Carolina.

2. Defendant(s), Chick-Fila-A, Inc. ("herein Defendant") a foreign/domestic corporation authorized to do business in South Carolina, with a place of business located at 2016 S Irby Street of Florence, South Carolina 29505.

3. Upon information and belief, Defendant Chick-Fil-A of Southside Commons FSU was the owner/operator/manager of the premises at issue.

## JURISDICTION AND VENUE

4. That the incident occurred in Florence County, South Carolina.

5. This Court has jurisdiction over this matter pursuant to SC Code § 14-5-350.

6. Venue is proper pursuant to SC Code § 15-7-30.

## FACTUAL ALLEGATIONS

7. On or about March 9, 2023, Plaintiff Comber lawfully entered the premises of the Chick-fil-A restaurant located at 2016 S Irby Street of Florence, South Carolina 29505.

8. While walking on the sidewalk adjacent to or on the property, Plaintiff Comber slipped and fell due to an unreasonably dangerous condition, specifically a decline in concrete.

9. The hazardous condition was not open and obvious to Plaintiff Comber and was not warned of in any manner.

10. Upon information and belief, the dangerous condition had existed for a sufficient period of time that Defendant knew or should have known of its existence.

11. As a direct and proximate result of the fall, Plaintiff Comber sustained serious bodily injuries, including but not limited to bruising, shoulder pain, knee pain, and back pain, and has incurred and will continue to incur medical expenses, lost wages, pain and suffering, and other damages.

## CAUSE OF ACTION
## (PREMISES LIABILITY / NEGLIGENCE)

12. Plaintiff Comber realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

13. Defendant owed a duty of reasonable care to maintain the premises in a reasonably safe condition for invitees such as Plaintiff Comber.

14. Defendant breached that duty by failing to inspect, maintain, or warn about the hazardous condition on the sidewalk.

15. As a direct and proximate result of Defendants' negligence, Plaintiff

ELECTRONICALLY FILED - 2025 Sep 11 9:35 AM - FLORENCE - COMMON PLEAS - CASE#2025CP2102435

## FACTUAL ALLEGATIONS

7. On or about March 9, 2023, Plaintiff Comber lawfully entered the premises of the Chick-fil-A restaurant located at 2016 S Irby Street of Florence, South Carolina, 29505.

8. While walking on the sidewalk adjacent to or on the property, Plaintiff Comber slipped and fell due to an unreasonably dangerous condition, specifically a decline in concrete.

9. The hazardous condition was not open and obvious to Plaintiff Comber and was not warned of in any manner.

10. Upon information and belief, the dangerous condition had existed for a sufficient period of time that Defendant knew or should have known of its existence.

11. As a direct and proximate result of the fall, Plaintiff Comber sustained serious bodily injuries, including but not limited to bruising, shoulder pain, knee pain, and back pain, and has incurred and will continue to incur medical expenses, lost wages, pain and suffering, and other damages.

## CAUSE OF ACTION
## (PREMISES LIABILITY / NEGLIGENCE)

12. Plaintiff Comber realleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

13. Defendant owed a duty of reasonable care to maintain the premises in a reasonably safe condition for invitees such as Plaintiff Comber.

14. Defendant breached that duty by failing to inspect, maintain, or warn about the hazardous condition on the sidewalk.

15. As a direct and proximate result of Defendants' negligence, Plaintiff

Comber suffered injuries and damages as described above.

**WHEREFORE,** Plaintiff Comber demands judgement against Defendants for actual and punitive damages, including damages for physical injury and harm, past and future medical expenses, lost income, lost earning capacity, past and future physical and mental pain and suffering, mental, emotional and psychological damage, loss of enjoyment of life, for the costs of this action, and for any additional relief this Court deems just and proper.

s/ Linward C. Edwards II
Linward C. Edwards II, Esq.
SC Bar No.: 100303
821 West Evans Street
Florence, SC 29501
Office phone (843) 410-9605
Facsimile (843) 536-0715

**ATTORNEY FOR PLAINTIFF**

August 26, 2025
Florence, South Carolina

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF FLORENCE ) | CIVIL ACTION NO: 2025-CP-21-02435 |
| ) | |
| Debbie Comber, ) | **PLAINTIFF FIRST SET OF** |
| ) | **INTERROGATORIES TO DEFENDANT** |
| *Plaintiff* ) | |
| vs. ) | |
| ) | |
| Chick-Fil-A, INC., ) | |
| ) | |
| *Defendant.* ) | |
| _____ ) | |

**TO:    THE DEFENDANT ABOVE NAMED:** In accordance with the South Carolina Rules of Civil Procedure, Plaintiff, by and through her undersigned attorney, requests that Defendant answer the following Interrogatories, under oath, within the next thirty (30) days. These Interrogatories shall be deemed to continue from the time of service until the time of trial of the case, and should additional or amended answers to these Interrogatories be necessary during this time, they shall be properly transmitted to Plaintiff through her undersigned attorney.

## I. DEFINITIONS AND INSTRUCTIONS

1. To the extent that Defendant objects to any of the following interrogatories, state specifically the part of each interrogatory to which an objection is raised and each ground for such objection.

2. As used herein, the word "describe," "explain," or a word of similar import, means to state separately and in detail the factual basis for the allegations requested to be described, or explained and/or, where applicable, to give a detailed description of the thing, event, or entity asked to be described and, in every instance, means to include all facts and opinions known concerning what is requested to be described.

3. As used herein the words "relating to" mean referring to, reflecting, responding to, commenting upon, recording, discussing, showing, describing, analyzing, constituting, or in any way concerning.

4. "Document" means those documents defined by and covered by and set out in SCRE 1001(1), including but not limited to any customary usage of that word in the broadest sense and shall include all originals, drafts, revisions and other non-identical copies (together with all attachments thereto) of all such documents: letters, e-mails, notes, recordings, words, sounds, or numbers, or their equivalent, set down by handwriting, typewriting, printing, photo stating, photographing, magnetic impulse, mechanical or electronic recording, or other form of data compilation (whether stored electronically, on any medium or on paper).

5. "Person" means any individual, partnership, firm, association, corporation, group, governmental entity, organization or other entity of any nature or kind whatsoever.

6. "Identify" means, when asked to identify a person, to provide the full name, title, legal status if not an individual, and current address and telephone number of the person, and when asked to identify a document, means to provide a full and detailed description of the document and the name and address of the person who has custody of the document. In lieu of writing a full and detailed description of a document, you may attach to your answers a copy of the document, stating the name and address of the custodian of the original thereof.

Plaintiff requests that each interrogatory be repeated preceding each answer.

### INTERROGATORIES

1. State the full name, address, and position of the person answering these interrogatories on behalf of the Defendant.

2. Identify all persons known to you who witnessed the incident in which the Plaintiff was injured.

3. State the date and time of the alleged incident involving the Plaintiff.

4. Describe in detail the events leading up to, during, and after the Plaintiff's fall, as known to Defendant.

5. Identify all employees, agents, or contractors of Defendant who were on duty at the premises at the time of the incident.

6. State whether Defendant or any of its employees created the condition that allegedly caused the Plaintiff's fall. If so, describe in detail how and when the condition was created.

7. State whether Defendant or any of its employees had notice (actual or constructive) of the condition that allegedly caused the Plaintiff's fall. If so, describe the notice, how it was received, and when.

8. Describe all inspections or maintenance performed on the area where Plaintiff fell in the 24 hours preceding the incident.

9. Identify any surveillance video, photographs, or recordings that captured the Plaintiff's fall or the condition of the premises before or after the incident.

10. List all incident reports, logs, or other documents prepared in connection with the Plaintiff's fall.

11. State whether Defendant has been involved in any other slip and fall incidents at the same location within the last 5 years. If so, provide details.

12. Identify Defendant's policies or procedures in effect at the time of the incident for inspecting, cleaning, and maintaining the premises.

13. State whether any third party was responsible for maintenance or cleaning of the premises at the time of the incident. If so, identify them and describe their responsibilities.

14. Describe any and all communications Defendant has had with Plaintiff regarding the incident.

15. Identify all insurance policies that may provide coverage for the claims alleged in this case.

These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorney obtain further information between the time answers are served and the time of trial.

                              The Law Office of Linward Edwards II

                              By: *[signature]*
                              Linward C. Edwards II
                              821 West Evans Street
                              Florence, South Carolina 29501
                              Office: (843) 410-9605
                              Facsimile: (843) 536-0715
                              Email: Linward@ledwardslaw.com

                              **ATTORNEY FOR PLAINTIFF**

Florence, South Carolina
Dated: *9·12·25*

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF FLORENCE | ) | CIVIL ACTION NO: 2025-CP-21-02435 |
| | ) | |
| Debbie Comber, | ) | **PLAINTIFF FIRST REQUEST** |
| | ) | **FOR PRODUCTION OF DOCUMENTS** |
| *Plaintiff* | ) | |
| vs. | ) | |
| | ) | |
| Chick-Fil-A, INC., | ) | |
| | ) | |
| *Defendant.* | ) | |

**TO: THE DEFENDANT ABOVE NAMED: YOU WILL PLEASE TAKE NOTICE**, that the Plaintiff, by the undersigned attorney requests, pursuant to the South Carolina Rules of Civil Procedure, Rule 34, that the Defendant above named respond to this request within thirty days of service, and to produce and permit the inspection, copying, and/or photographing of the following at the Law Offices of Linward C. Edwards II, 821 W. Evans Street, Florence, South Carolina, 29501:

## REQUEST FOR PRODUCTION

1. All incident reports or documentation related to the Plaintiff's fall.

2. All photographs, videos, or recordings showing the location of the incident, the Plaintiff, or the condition of the premises at or near the time of the incident.

3. All maintenance logs, cleaning schedules, or inspection records for the area of 72 hours before and 24 hours after the incident.

4. All policies and procedures in effect at the time of the incident regarding cleaning, inspection, or maintenance of the premises.

5. All training manuals or materials provided to employees regarding maintenance and safety of the premises.

6. All employee schedules, shift logs, or time records showing who was working at the time and place of the incident.

7. All correspondence or communications (internal or external) concerning the incident.

8. All surveillance footage of the area where the incident occurred from 2 hours before to 2 hours after the fall.

9. All contracts, agreements, or communications with third parties responsible for maintenance or cleaning of the premises.

10. All documents identifying previous slip and fall incidents at the same location within the past 5 years.

11. All insurance policies that may provide coverage for Plaintiff's claims.

12. All statements, whether written, recorded, or transcribed, taken from any witness or party regarding the incident.

13. All diagrams, schematics, or floor plans of the area where the fall occurred.

14. All repair or work orders concerning the area where Plaintiff fell, within 30 days before and after the incident.

15. All documents Defendant intends to rely on at trial.

The Law Office of Linward Edwards II

By: _____
Linward C. Edwards II
821 West Evans Street
Florence, South Carolina 29501
Office: (843) 410-9605
Facsimile: (843) 536-0715
Email: Linward@ledwardslaw.com

**ATTORNEY FOR PLAINTIFF**

Florence, South Carolina
Dated: 9·12·25